**Bob D. WHITESIDE; Lenore H. Whiteside, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 86–6004.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 1987.

Decided Dec. 1, 1987.

Lawrence R. Lieberman and Patricia M. Snyder, Levinson & Lieberman, Inc., Beverly Hills, Cal., for plaintiffs-appellants.

Matthew Anderton, Washington, D.C., for defendant-appellee.

Before KENNEDY, PREGERSON and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We review an order dismissing Mr. and Mrs. Whiteside's complaint which charged the United States with wrongfully levying on their property.

## Facts

On April 29, 1980, the Whitesides lent $45,000 to another couple, Heert and Linda DeWindt. The loan was secured by a deed of trust on a property the DeWindts owned in San Bernardino, California. The trust deed was duly recorded in San Bernardino County on August 15, 1980.

In 1983, the DeWindts developed financial problems. In April of that year, the Whitesides recorded a notice of default against the property. In October, the IRS recorded two federal tax liens against all the DeWindts' property in San Bernardino County. The liens, each in the sum of $12,757.94, were identical in every respect except that one named Heert as taxpayer, while the other named Linda.

On November 28, 1983, the trustee notified the IRS that the DeWindts' property would be sold pursuant to the Whitesides' notice of default. The sale was called off, however, after the IRS notified the trustee that the notice of sale did not conform to IRS regulations.[1] On December 9, 1983, the trustee sent the IRS a new notice of sale which included the IRS notice of lien against Heert but said nothing about the lien against Linda. The IRS did not object to this second notice and the trustee's sale was held as scheduled on January 4, 1984. The IRS did not participate in the sale and the Whitesides bought the property for approximately $35,000.

In May 1984, the IRS levied against the property, claiming that the sale had failed to discharge Linda's tax lien. The Whitesides exhausted their administrative remedies and then brought suit against the IRS seeking a declaration that Linda's tax lien was discharged by the trustee's sale, and that the IRS levy was therefore wrongful. The district court granted summary judgment for the IRS. The Whitesides appeal.[2]

---

1. The notice did not give an adequate description of the property or the location of the sale.

2. The government claims that the Whitesides' notice of appeal was defective because they made a motion under Fed.R.Civ.P. 52(b) for an additional finding of fact after the district court had entered judgment against them. This question was presented to, and resolved by, a motions panel of this court which asserted jurisdiction over the appeal.

Discussion

 As a general rule, a lien in favor of the United States is not disturbed by a nonjudicial sale of the property. I.R.C. § 7425(b).[3] There is an exception, however, if the IRS is given notice of the sale in accordance with IRS regulations. *Id.* at § 7425(c)(1). The question presented on this appeal is whether the notice given by the Whitesides—disclosing Heert's lien but not Linda's—was sufficient to extinguish the government's interest in the property.

Because I.R.C. § 7425 delegates to the Secretary of the Treasury the authority to specify what a notice of sale must provide, we must look to the applicable regulations in making our decision. Under the regulations, a notice of sale must contain the following four items: (i) the name and address of the person submitting it; (ii) copies of each of the tax liens to be discharged or a summary of the information they contain; (iii) a description of the property and the terms of its proposed sale; and (iv) the approximate amount of the obligation, plus costs, that the sale will discharge. 26 C.F.R. § 301.7425–3(d)(1)(i)–(iv).

 The Whitesides' December 9 notice of sale was plainly inadequate because it omitted information about Linda's tax lien as required under item (ii) above. Plaintiffs argue that we should nevertheless deem the notice to the IRS sufficient because the liens against Heert and Linda were identical in every material respect and the IRS therefore suffered no prejudice from the omission. The IRS responds that the regulations clearly provide that the notice of sale shall contain "[a] copy of *each* Notice of Federal Tax Lien (Form 668) affecting the property to be sold...." 26 C.F.R. § 301.7425–3(d)(1)(ii) (emphasis added). Though they be technical, the IRS says, the regulations must be complied with. We agree.

 However, the IRS may not simply ignore an inadequate notice and retain the right to levy on the property after the sale. Rather, it must give the trustee "written notification of the items of information which are inadequate." *Id.* at § 301.7425–3(d)(2).[4] Where the IRS does not object to the notice more than five days prior to the sale, "the notice shall be considered adequate for purposes of this section." *Id.*

 Here, the Whitesides provided the IRS notice that was timely but defective. This shifted the burden to the IRS to notify the Whitesides of the defect. Under the plain language of the regulations, the defect in the notice was cured when no IRS objection was received by the trustee five days before the sale. *Id.* Since the notice of sale was thus deemed effective, it operated to extinguish the government's lien once the sale was consummated.

The government advances two arguments as to why we should reject this conclusion. First, it suggests that the government's obligation to object is triggered on a lien-by-lien basis and that, by failing to notify the IRS of Linda's lien, the Whitesides forfeited the protections provided for them in the regulations. This is simply not so. The statute and regulations provide that the IRS will be given a single notice for each sale, I.R.C. § 7425(c)(1); 26 C.F.R. § 301.7425–3(a)(1), even when there are multiple IRS liens on the property. *See id.* § 301.7425–3(d)(1)(ii) (Notice of sale shall contain "[a] copy of each Notice of Federal Tax Lien (Form 668) affecting the property...."). The regulations contemplate that the notice of sale may be defective and provide procedures for dealing with such a defect: The IRS is required to object. The government provides no support for the proposition that omission of a lien is so serious a defect that it relieves

---

**3.** All references are to the Internal Revenue Code as amended through the date of the trustee's sale.

**4.** There is a single exception to the requirement that the IRS advise the trustee of a deficiency in

the notice: where the "notice of sale ... does not contain the name and address of the person submitting such notice...." 26 C.F.R. § 301.7425–3(d)(2).

the IRS of the obligation to object. Indeed, the regulations do provide that the IRS may stand mute in the face of one type of defect in the notice of sale. *See supra* n. 4. The IRS is not given the same privilege when a notice of lien is omitted. The natural inference is that omission of a lien is to be treated like any other defect and the IRS must object if it is to preserve its rights.

▮ The government also argues that requiring the IRS to object where a lien is completely omitted from the notice of sale places upon it an unfair or unreasonable burden.[5] Perhaps so. But we may disregard regulations only if they violate a statute or the constitution. The Secretary had broad authority to shape these regulations but having done so, he is bound by them. *See United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 267, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954); *Flores v. Bowen,* 790 F.2d 740, 742 (9th Cir.1986).

### Conclusion

We reverse the decision of the district court and remand for entry of judgment in favor of the Whitesides.

---

5. The government's argument that we ought to depart from the strict language of the regulations in the pursuit of fairness sounds a dissonant note with its steadfast reliance on the strict letter of the regulations pertaining to whether the notice was adequate. *See* Government Br. at 15–16; *supra* p. 821–22. Having agreed with the government that the notice of sale was technically defective—even though it could have caused the IRS no conceivable prejudice in these circumstances—we surely then cannot be expected to take a different approach when a literal reading of the regulations benefits the taxpayer.