345 F.Supp.2d 1025 (2004)
GLASGOW REALTY, LLC, Plaintiff,
v.
Robert C. WITHINGTON, et al., Defendants.
United States of America, Counterclaim/Crossclaim Plaintiff,
v.
Glasgow Realty, LLC, Counterclaim/Defendant,
Robert Withington, et al., Crossclaim/Defendants.
No. 4:02CV1903 TIA.
United States District Court, E.D. Missouri, Eastern Division.
September 27, 2004.
Newton G. McCoy, St. Louis, MO, for Glasgow Realty, LLC.
Casey E. Coats, Robert C. Withington, Withington Law Office, St. Louis, MO, for Richard Withington, Melvin Diehl, Helen Diehl.
Hilarie E. Snyder, U.S. Dept. of Justice, Office of Special Lit., Tax Div., Washington, DC, for Internal Revenue Service.

MEMORANDUM AND ORDER
ADELMAN, United States Magistrate Judge.
This matter is before the Court on defendant/counterclaim plaintiff United States of America's Motion for Summary *1026 Judgment (filed October 24, 2003/Docket No.28), and plaintiff/counterclaim defendant Glasgow Realty, LLC's Motion for Summary Judgment (filed October 24, 2003/Docket No. 27). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).
Plaintiff Glasgow Realty, LLC ("Glasgow") originally filed a First Amended Petition for Quiet Title and Declaratory Judgment against Robert C. Withington, Melvin Diehl, Helen Diehl, Internal Revenue Service, Department of Revenue, State of Missouri, and Division of Employment Security, in the Circuit Court of St. Louis County, Missouri on October 8, 2002. (Docket No. 1/filed December 13, 2002). In the petition, Glasgow seeks "an Order and Judgment declaring and quieting title to [7956 Page Avenue, St. Louis, MO 63133] to Plaintiff free and clear of all prior liens." On December 13, 2002, the United States of America removed the case to this court. The United States of America ("United States") filed a counterclaim/crossclaim seeking to foreclose its tax liens against the property and against Glasgow on its quiet title action. (Docket No. 10/filed February 12, 2003).
Both Glasgow and the United States have filed motions for summary judgment claiming that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Glasgow has responded to the United States' motion to which Glasgow has replied. The United States has responded to Glasgow's motion to which the United States has replied.
When deciding cross-motions for summary judgment, the approach is only slightly modified, as explained in International Brotherhood of Electrical Workers, Local 176 v. Balmoral Racing Club, Inc., 293 F.3d 402, 404 (7th Cir.2002): "The usual Rule 56 standard applies to cross-motions for summary judgment.... [S]ummary judgment is proper if the record demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law under the familiar standards of Fed.R.Civ.P. 56(c)." This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists not genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita, 475 U.S. at 586-87, 106 S.Ct. 1348; Fed.R.Civ.P. 56(c). Once the moving party has met his burden, the nonmoving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. 2548. Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. See Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. *1027 1990). When reviewing the record in connection with a pending motion for summary judgment, the court may not weigh the evidence, determine credibility, or decide the truth of any factual matter in dispute. However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, All U.S. at 249, 106 S.Ct. 2505.

The Undisputed Evidence before the Court
Viewing all facts and drawing all reasonable inferences in the light most favorable of the nonmoving party, A. Brod, Inc. v. SK & I Co., L.L.C., 998 F.Supp. 314, 320 (S.D.N.Y.1998) the Court sets forth the following facts[1]:
Plaintiff Glasgow Reality, LLC, ("Glasgow"), is a Missouri limited liability company. William J. Glasgow, the managing member of Glasgow, has the authority to act on behalf of Glasgow and acted on behalf of Glasgow in the activities at issue in this case.
Prior to 2001, Shirley B. Dillard was the titleholder of the property. Due to unpaid federal taxes and assessments, the Internal Revenue Service ("IRS") filed notices of federal tax liens with the St. Louis County Recorder of Deeds.
On August 27, 2001, the Collector of Revenue of St. Louis County offered the following property for sale in a delinquent real estate tax sale:
Lot 3 in Block 1 of Vinita Place, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 22, Page 86 of the St. Louis County Records.
Known and numbered as 7956 Page (Parcel Locator No. 16J4200028).
("property") (Exhibit 13, attached to Glasgow's Motion for Summary Judgment). The amount of delinquent real estate taxes was $12,222.74. Glasgow submitted a bid of $12,300.00 to the Collector of Revenue to purchase the property in the delinquent real estate tax sale and was the successful purchaser of the property.
Glasgow sent notices, by United States mail, certified mail-return receipt requested to Richard W. Withington, Trustee for Melvin and Helen Diehl, the Missouri Division of Employment Security, the State of Missouri Department of Revenue, and the Internal Revenue Service. The notice directed to the Internal Revenue Service dated August 31, 2001, reads as follows:
This is to inform you that on August 27, 2001, the Collector of Revenue of St. Louis County Missouri offered the above-referenced real estate for sale in a delinquent tax sale. This offering was the third offering of such property by the Collector of Revenue. At the sale, Glasgow Reality, LLC was the successful purchaser.
As per the statute if such publicly recorded deed of trust, mortgage, etc. is not redeemed in a timely manner, such recorded security or claim will be extinguished.
Notice is hereby given to any person who holds a publicly recorded deed of trust per Section 140.250 & 140.405 of the revised statutes of Missouri upon real property known as 7956 Page Ave. Lot 3 in Block 1 of Vinita Park Place, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 22, Page 86 of the St. Louis County Records. Locator # 16J420028. Of such person's right to *1028 redeem within 90 days of the date of this notice.
(Glasgow Exh. 2, attached to Glasgow's Motion for Summary Judgment). No party attempted to redeem the property in response to the notices sent out by Glasgow.
The notice sent to the Internal Revenue Service was mailed certified mail-return receipt requested, on September 6, 2001. The sender filled in the article addressed to section as follows: "Internal Revenue Service, 2218 N. Hwy 67, Florissant, MO. 63031." (Glasgow Exh. 3, attached to Glasgow's Motion for Summary Judgment). The Domestic Return Receipt for the notice was returned to Glasgow. A "M. Olsen" signed the Domestic Return Receipt and entered September 10, 2001, as the date of delivery. In August and September, 2001, the IRS maintained an office, housing a Taxpayer Assistance Center, located at 2218 North Highway 67, Florissant. Located in the IRS Florissant office were employees from the collection and the examination groups. Maureen Olsen, an IRS employee, worked as a group secretary for the examination division in the IRS Florissant office during August and September, 2001. Ms. Olsen duties included typing, filing, and mail collection. To date, Ms. Olsen is employed by the IRS in the same capacity and at the same location. Ms. Olsen has stipulated that the signature of "M. Olsen" on the Domestic Return Receipt is her signature. Nonetheless, Ms. Olsen has no specific or current recollection regarding receiving this piece of certified mail or signing for the certified mail by singing the Domestic Return Receipt. Further, Ms. Olsen has no specific or current recollection concerning whether she received the letter dated August 31, 2001, from Glasgow to the IRS. Ms. Olsen indicated that after signing the Domestic Return Receipt, she would have given the letter to the secretary for the collection group in the Florissant IRS office.
The United States has no record that the IRS or the United States responded to Glasgow's notice in any manner. Glasgow never received any communication from the IRS in response to the notice.
On December 12, 2001, Robert Peterson, the Collector of Revenue for St. Louis County, executed the Collector's Deed for Taxes, conveying the property to Glasgow. The Collector's Deed for Taxes was recorded at Book 13469, Page 1441 of the St. Louis County, Recorder of Deeds, on December 14, 2001.
On December 20, 2001, Shirley Dillard, the owner of the property prior to the delinquent real estate tax sale, executed a quit claim deed transferring the title and granting her interest in the property to Glasgow. On January 7, 2002, Glasgow filed the quit claim deed with the St. Louis County, Recorder of Deeds, and the quit claim deed was recorded in Book 13532, Page 1087 of the St. Louis County, Recorder of Deeds, on that date.
In a letter dated January 25, 2002, R.H. Robinson, a Collection Services Supervisor for the Collector of Revenue, notified Glasgow that the collector's deed for the property would be available for pickup on February 1, 2002. Glasgow picked up the collector's deed on or about that date.
On May 13, 2002, the Court dismissed defendant Missouri Division of Employment Security after the defendant affirmatively represented to the Court that it "disclaims any interest in the property which is the subject of this action." On November 6, 2003, the Court dismissed defendant Missouri Department of Revenue, State of Missouri, by granting the defendant's Disclaimer of Interest and Motion to Dismiss It as a Party. With respect to defendants Melvin and Helen *1029 Diehl and their trustee, Richard W. Withington, the Court dismissed their claims on January 8, 2004, after the parties reached a settlement agreement whereby the Diehls executed a Deed of Release on the property by the Diehl Deed of Trust. Glasgow now seeks to quiet title in the property as against the United States. In the cross motion for summary judgment, the United States seeks to foreclose certain federal tax liens it claims attached to the property prior to the delinquent real estate tax sale and to force a sale of the property to satisfy its claims.

Discussion
Neither party asserts that there is a genuine issue of material fact. On the record before the Court, the undersigned notes that the resolution of the cross motions for summary judgment hinges on whether Glasgow's notice of sale was sufficient to extinguish the federal tax liens and the interest of the United States in the property.
The record clearly establishes that when Shirley Dillard failed to pay federal taxes, a lien attached by operation of law to the property. 26 U.S.C. § 6321 ("If a person liable to pay any tax neglects or refuses to pay the same after demand, the amount... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."). The lien arises at the time the assessment is made unless another date is specifically fixed by law. 26 U.S.C. § 6322. It is undisputed that at the time Glasgow purchased the property in the delinquent real estate tax sale that the property was encumbered by federal tax liens.
To discharge a federal tax lien through a nonjudicial sale, such as the one in this case, proper notice of the sale must be given to the United States. § 7425(b). Once a lien is imposed, the sale of any property on which the United States has such a lien is subject to notice requirements set forth in 26 U.S.C. § 7425(c). Notice of sale must be given in accordance with regulations prescribed by the Secretary in writing, by registered or certified mail or by personal service, not less than twenty-five days prior to such sale, to the district director for the internal revenue district in which the sale is to be conducted. 26 U.S.C. § 7425(c); 26 C.F.R. § 301.7425-3. If the IRS does not receive notice in accordance with § 7425(c)(1) and the treasury regulations, the federal tax lien remains intact, unaffected by the sale. See Tompkins v. United States, 946 F.2d 817, 820 (11th Cir.1991) (explaining that failure to notify the IRS of sale as prescribed by § 7425 results in the lien remaining intact). In relevant part, the regulation provides notice of a nonjudicial sale be given to the district director (marked for the attention of the chief, special procedures staff) for the internal revenue district in which the sale is to be conducted and must contain the following information to be considered adequate:
(i) The name and address of the person submitting the notice of sale;
(ii) A copy of each notice of Federal Tax Lien (Form 668) affecting the property to be sold, or the following information as shown on each such Notice of Federal Tax Lien 
(A) The internal revenue district named thereon,
(B) The name and address of the taxpayer, and
(C) The date and place of filing the notice;
(iii) With respect to the property to be sold, the following information 
(A) A detailed description, including location, of the property affected by the notice (in the case of real property, the street address, city, and State and the *1030 legal description contained in the title or deed to the property and, if available, a copy of the abstract of title),
(B) The date, time, place, and terms of the proposed sale of the property, and
* * * * *
(iv) The approximate amount of the principal obligation, including interest, secured by the lien sought to be enforced and a description of the other expenses (such as legal expenses, selling costs, etc.) which may be charged against the sale proceeds.
26 C.F.R. § 301.7425-3(a); (d)(i)-(iv).
If the notice is inadequate, the district director is required to notify in writing the person who submitted the notice of the inadequate items of information. 26 C.F.R. § 301.7425(d)(2). However, "[a] notice of sale which does not contain the name and address of the person submitting such notice shall be considered to be inadequate for all purposes without notification of any specific inadequacy." Id.; Whiteside v. United States, 833 F.2d 820, 823 (9th Cir.1987)("the regulations do provide that the IRS may stand mute in the face of one type of defect in the notice of sale"). If the district director fails to give written notification of the inadequate notice more than five days prior to the date of the sale, the notice shall be considered adequate. 26 C.F.R. § 301.7425-3(d)(2).
It is undisputed that the instant notice did not comply with the "regulations prescribed by the Secretary" because the notice was not addressed to district director and failed to include a copy of the Federal Tax Lien.[2] Timeliness is not an issue in this case. Glasgow asserts that its notice, though inadequate, triggered the district director's responsibility to provide notification of inadequacy. The United States asserts that though the notice was timely, the failure to properly address the notice to the district director made the notice fatally inadequate and thus its obligation to notify Glasgow of inadequacies in the notice never arose.
Although the Eighth Circuit has not yet ruled on this issue, the Court finds under the facts presented in the instant case that the timely notice of sale triggered the United States' duty to provide notice of the inadequacy to the foreclosing party, Glasgow. In an analogous case, Elfelt v. Abbott, 1995 WL 238335 (E.D.Mich.), the deficiencies in the notice of sale were similar to those alleged by the United States with respect to Glasgow's notice of sale in the instant case. The court in Elfelt found that the notice of sale was sufficient to trigger the IRS's duty to provide notice of inadequacy even though the notice was not addressed "to the attention of the Chief, Special Procedures Staff and was not titled Notice of Sale under 26 U.S.C. § 7425" as specified by the regulation. Id. at *5. As in the instant case, the notice met the statutory requirements and was delivered by a method delineated in the statute thereby giving the notice an added air of authority. Id. at *4. In further support, the undersigned notes that the regulation has been found to be "ambiguous and overly burdensome" thereby enabling the IRS "to sit back and lay in wait for [the foreclosing creditor] to stumble and fall into its *1031 trap." Edmundson v. United States, 886 F.Supp. 1314, 1318 (W.D.La.1995). The court opined as follows:
In determining whether a particular regulation carries out the congressional mandate in a proper manner, we look to see whether the regulation harmonizes with the plain language of the statute, its origin and its purpose. According to the House Report, the purpose of the notice regulations is to give the I.R.S. an opportunity to review its position `without placing an undue burden of the foreclosing creditor.' We find that the effect of regulation 301.7425-3(d)(2) runs contrary to Congress' intent because it places an undue burden on the foreclosing creditor.
Id. (internal citations omitted).
Upon careful consideration, the Court does not believe that the United States cannot use the technical deficiency of Glasgow's notice as a basis for disregarding its obligation to provide notice of inadequacy and sit back and wait for the sender of a notice to fall into a trap. As mandated by § 7425(c)(1), Glasgow properly served the United States by mailing the notice to the Internal Revenue Service certified mail-return receipt requested. Despite the fact that Glasgow's notice of sale was not marked to the attention of the district director, the IRS through an employee, executed the return receipt and the receipt for the notice was returned to Glasgow. When the United States failed to provide notice of inadequacy or to redeem the property within the statutory period, any deficiencies in the notice of sale were cured and the United States' interest in the property was extinguished. Whiteside, 833 F.2d at 822.
Therefore, for all the foregoing reasons,
IT IS HEREBY ORDERED that Plaintiff Glasgow Realty, LLC's Motion for Summary Judgment (filed October 24, 2003/Docket No. 27) is granted.
IT IS FURTHER ORDERED that Defendant United States of America's Motion for Summary Judgment (filed October 24, 2003/Docket No.28) is denied.
A separate Judgment in accordance with this Memorandum and Order is entered this same date.
NOTES
[1] Unless otherwise indicated, the facts are primarily derived from the undisputed portions of Glasgow's Statement of Uncontroverted Material Facts that were submitted with Glasgow's pending Motion for Summary Judgment.
[2] The United States acknowledges that it is not seeking summary judgment on the basis of Glasgow's failure to include certain information described in 26 C.F.R. 301.7425-3(d)(1), in particular the federal tax lien. United States of America's Opposition to Glasgow Realty, LLC's Motion for Summary Judgment, at 4 (filed November 13, 2003/Docket No. 30) ("The Government, however, does not seek summary judgment because Glasgow sent an `inadequate' notice that did not contain the information described in paragraph (d)(1). The Government seeks summary judgment solely because Glasgow's notice was not addressed to the correct party as described in paragraph (a).").