358 F.Supp.2d 843 (2005)
GLASGOW ENTERPRISES, INC., Plaintiff,
v.
ROSS AND SONS PLUMBING CO., Millsap, Singer and Dunn, P.C., the Small Business Administration, Internal Revenue Service, and John Doe(s), Defendants.
No. 4:03CV304-DJS.
United States District Court, E.D. Missouri, Eastern Division.
January 6, 2005.
*844 Thomas A. Connelly, St. Louis, MO, for Plaintiff.
Deborah L. Golemon, Office of U.S. Attorney, St. Louis, MO, Hilarie E. Snyder, U.S. Department of Justice Office of Special Litigation, Tax Div., Washington, DC, for Defendants.

ORDER
STOHR, District Judge.
Plaintiff Glasgow Enterprises, Inc. has brought this action seeking to quiet title to property it obtained at a St. Louis County tax sale. Plaintiff's claim remains pending only against the governmental agencies of the Small Business Administration ("SBA") and the Internal Revenue Service ("IRS"). Now before the Court is the government's motion to dismiss the SBA and the government's motion for summary judgment on claims asserted against the IRS.
The following facts are undisputed. Plaintiff purchased a tract of land, located at 8410 Airport Road in St. Louis, Missouri, at a St. Louis County tax sale in August 2002.[1] Prior to this sale, the land was owned by Ross & Sons, a now administratively dissolved Missouri corporation. In August 1996 the IRS assessed Form 941 (employment) taxes, interest, and penalties against Ross & Sons for the period ending September 1995. Due to these unpaid federal taxes and assessment, the IRS filed a notice of federal tax lien with the St. Louis County Recorder of Deeds on December 20, 1996. The federal tax lien attached to the 8410 Airport Road property in 1996 pursuant to 26 U.S.C. § 6321.
In addition to its unpaid federal taxes, Ross & Sons also failed to pay the county *845 property taxes for the 8410 Airport Road property. As a result, the St. Louis County Collector of Revenue seized the property and held a delinquent real estate tax sale in August 2002.[2] Plaintiff was the successful purchaser of the 8410 Airport Road property with a bid of $19,500.00. In September 2002, plaintiff sent a certified letter, return receipt requested, to the IRS at 111 S. 10th Street, St. Louis, MO 63102. The purpose of the letter was to notify the IRS of the county tax sale. However, as the IRS does not maintain an office at this address, the letter was not signed for and was returned, unopened, to plaintiff. No other notice was provided to the IRS.
Plaintiff received a Collector's Deed for Taxes for the 8410 Airport Road property from the St. Louis County Collector of Revenue in December 2002. Plaintiff then filed this action in the Circuit Court of the County of St. Louis, Missouri against various defendants seeking to quiet title to property. The government removed pursuant 28 U.S.C. § 1444, which allows for the removal of actions affecting property on which the United States has a lien. Prior to the removal of this action, the government filed a memorandum with the state court in which the SBA disclaimed any interest in the 8410 Airport Road property. The government now seeks to have the SBA dismissed from this action and plaintiff has not filed any opposition to the government's motion to dismiss the SBA. The Court will therefore grant the government's unopposed motion to dismiss and will dismiss the SBA from this action.
The government also seeks summary judgment on plaintiff's claim as asserted against the IRS. Summary judgment is appropriate when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When ruling on a summary judgment motion, a court must view the evidence `in the light most favorable to the nonmoving party.'" Naucke v. City of Park Hills, 284 F.3d 923, 927 (8th Cir.2002) (quoting Dush v. Appleton Elec. Co., 124 F.3d 957, 962-63 (8th Cir.1997)). However, to survive a motion for summary judgment a "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." Id. (quoting F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir.1997)). The government contends that it is entitled to summary judgment on plaintiff's claim to quiet title as the federal tax lien attached to the 8410 Airport Road property was not discharged because plaintiff failed to give the IRS proper notice. The Court agrees.
As stated above, prior to the delinquent real estate tax sale held by the St. Louis County Collector of Revenue, a federal tax lien attached to the 8410 Airport Road property pursuant to 26 U.S.C. § 6321. A lien imposed by § 6321 is valid against a subsequent purchaser, such as plaintiff, provided that notice of the federal tax lien has been properly filed. 26 U.S.C. § 6323. There is no dispute in this case as to the existence of the federal tax lien or that the notice of the federal tax lien was properly filed. Rather, the question presented is whether the federal tax lien was discharged by the sale held by the St. Louis County Collector of Revenue.
The Internal Revenue Code provides that a nonjudicial sale, such as the one in this case, discharges a federal tax lien so long as adequate notice is given to the government prior to the sale. 26 U.S.C. § 7425(b). Notice of the sale must be "in writing, by registered or certified mail or *846 by personal service, not less than 25 days prior to such sale" and must be given in accordance with the regulations prescribed by the Secretary. 26 U.S.C. § 7425(c)(1). The treasury regulations provide that written notice must be sent "to the district director (marked for the attention of the chief, special procedures staff) for the internal revenue district in which the sale is to be conducted." 26 C.F.R. § 301.7425-3(a). "If the IRS does not receive notice in accordance with § 7425(c)(1) and the treasury regulations, the federal tax lien remains intact, unaffected by the sale." Glasgow Realty, LLC v. Withington, 345 F.Supp.2d 1025, 1029 (E.D.Mo.2004) (citing Tompkins v. United States, 946 F.2d 817, 820 (11th Cir.1991)).
In the case at bar, the IRS did not receive any notice of the nonjudicial sale. Plaintiff attempted to provide notice to the IRS by sending a certified letter to 111 S. 10th Street in St. Louis, Missouri. However, the letter was returned, unopened, to plaintiff as the IRS does not maintain an office at this address. Plaintiff did not provide the IRS with any other notice.[3] Thus, as plaintiff failed to provide the IRS with any notice of the sale, the Internal Revenue Code mandates that the sale was "made subject to and without disturbing" the federal tax lien. 26 U.S.C. § 7425(b)(1).
Despite this statutory directive, plaintiff offers three arguments why summary judgment should not be entered in favor of the government. First, plaintiff contends that there exists a dispute regarding the value of the federal tax lien. However, as discussed above there is no dispute that the federal tax lien exists and that it properly attached to the 8410 Airport Road property. The question raised by plaintiff's petition to quiet title is whether the 8410 Airport Road is subject to the federal tax lien. The present value of the federal tax lien is immaterial to resolution of this question. Thus, even assuming a dispute does exist regarding the present value of the federal tax lien, this dispute would not create a genuine issue of fact that is material to the quiet title issue.
Second, plaintiff argues that the government failed to properly plead improper notice as an affirmative defense. However, paragraph 4 of the Affirmative Defenses section of the government's answer states: "The Federal Tax Liens were not discharged. Proper notice was not given to the Government." Government's Answer [Doc. # 6], p. 2, ¶ 4. This pleading was sufficient to meet the requirements of the Federal Rules of Civil Procedure as it put plaintiff "on notice of [an] affirmative defense[] and afforded [it] an opportunity to respond." Buttice v. G.D. Searle & Co., 938 F.Supp. 561, 565 (E.D.Mo.1996) (quoting Daingerfield Island Protective Soc. v. Babbitt, 40 F.3d 442, 444 (D.C.Cir.1994)). Thus, the government may properly rely on plaintiff's inadequate notice as grounds for summary judgment.
Finally, plaintiff argues that equity requires that the federal tax lien be subordinated to plaintiff's interests in an amount equal to that which plaintiff spent to maintain and improve the value of the 8410 Airport Road property since the nonjudicial sale. The Court finds this argument unavailing for a number of reasons. First, as discussed above the relief sought by plaintiff's petition to quiet title is a declaration that plaintiff owns the property free *847 and clear of all prior deeds of trusts, mortgages, leases, liens or claims. Plaintiff did not seek a determination as to the priority of the liens on the property and to award relief not sought in the plaintiff's petition would be improper.
Additionally, even if it were appropriate to determine this priority issue, the Court is not persuaded that equity requires the result advanced by plaintiff. While federal tax liens do not automatically have priority over all other liens, priority is generally governed by the common-law principle that "the first in time is the first in right." United States v. McDermott, 507 U.S. 447, 449, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993) (citation omitted); Dunham v. Stevens, 160 Mo. 95, 60 S.W. 1064, 1065 (1901). Furthermore, it is clear that Congress intended for the survival of federal tax liens to serve as a "penalty ... [for] fail[ure] to give the presale notice prescribed by section 7425." Tompkins v. United States, 946 F.2d 817, 821 (11th Cir.1991). "This penalty allows the IRS to maintain the status quo of its lien, as well as benefit from future increases in the value of the property." Id. Thus, equity does not require that plaintiff gain priority over the federal tax lien as the federal tax lien arose first and is therefore first in right.
Accordingly,
IT IS HEREBY ORDERED that the Small Business Administration's motion to dismiss [Doc. # 23] is granted.
IT IS FURTHER ORDERED that the Internal Revenue Service's motion for summary judgment [Doc. # 19] is granted.
NOTES
[1] For purposes of this order, the Court will refer to the property as the 8410 Airport Road property. The legal description of the 8410 Airport Road property is:

Lot 31, 32, 33, 34, 35, 36, 37, 38 and 39 in Block 15 of Kinlock Park, according to the plat thereof recorded in Plat Book 3, Pages 36 and 37 of the St. Louis County Records, excepting therefrom the Northern 7.50 feet of said lots 32 and 33, which have been conveyed to St. Louis County, Missouri, by deed recorded in Book 6092, Page 237.
[2] Mo.Rev.Stat. § 139.120 provides that the Collector of Revenue may seize and sell property to collect on delinquent taxes.
[3] In cases where the IRS receives notice of a nonjudicial sale but where that notice fails to comply with § 7425(b)(1) or the treasury regulations, 26 C.F.R. § 301.7425(d)(2) provides that the IRS must notify the person who submitted the notice that the notice was inadequate. This provision was not triggered in the case at bar because plaintiff failed to provide the IRS with any notice of the nonjudicial sale.